PRYOR & MANDELUP, L.L.P.<br>
Attorneys for Chapter 11 Debtor<br>
675 Old Country Road<br>
Westbury, New York 11590<br>
Telephone: (516) 997-0999<br>
Mark E. Cohen, Esq.<br>
mec@pryormandelup.com<br>
<br>
Hearing Date:  June 10, 2024<br>
Hearing Time:  10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                      Case No. 8-23-72814-ast

DAVID OSTAD a/k/a DAVID H. OSTAD                      Chapter 11 (Subchapter V)
a/k/a DAVID HAIM OSTAD,

Debtor.
---------------------------------------------------------X

## REPLY TO OBJECTION OF ZO SKIN HEALTH INC. TO MOTION FOR AN ORDER VOIDING THE JUDGMENT LIEN OF PURSUANT TO 11 U.S.C. §§ 506(a) and (d)

**TO:  HONORABLE ALAN S. TRUST,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:**

David Ostad a/k/a David H. Ostad a/k/a David Haim Ostad, the above-captioned debtor (the "Debtor"), by and through his attorneys, Pryor & Mandelup, L.L.P., hereby submits this reply in response to the Objection (the "Objection") filed by ZO Skin Health Inc. ("ZO") to the Debtor's motion (the "Motion") for entry of an Order (i) valuing ZO's judgment lien against the Property[1] at zero, (ii) declaring ZO's judgment lien void, and (iii) for such other relief as this Court may deem just and proper, respectfully sets forth and alleges as follows:

1.  ZO's Objection takes the position that the Debtor's payment to Chase in full satisfaction of the Mortgage, would create equity, which ZO values at $2,200,000.00, which

---

[1] Capitalized terms herein shall have the same meanings as set forth in the Motion dated March 12, 2024, and filed on March 12, 2024, at ECF #57.

1

would then secure the Judgment to the Property. However, this is an incorrect reading of the applicable law.

2.    As explained more fully in the Motion, pursuant to 11 U.S.C. §§ 502(a) and 506(d), the Debtor may void ZO's judgment lien against the Property.

3.    The Appraisal determined that the fair market value of the Property is $2,200,000.00, and as of the Filing Date the Property was encumbered by Chase's first mortgage lien in the amount of $2,917,463.34. Therefore, by reason of the foregoing, Chase's secured claim of $2,917,463.34 is in an amount which exceeds the fair market value of the Property. Accordingly, ZO's interest and judgment lien in the Property should be valued as zero, and by reason of the foregoing, ZO's lien securing ZO's claim should be disallowed and declared void.

4.    ZO's Objection incorrectly argues that once Chase is paid, that there will be sufficient equity in the Property to pay ZO's claim. However, this argument fails to understand that confirmation of the Third Amended Plan is not linear such that once Chase is paid, there will be equity in the Property to satisfy ZO's judgment lien. Rather, upon confirmation of the Third Amended Plan, Chase will be paid its $2,200,000.00 from the proceeds of a new first mortgage lien with Reflex Performance Resources Inc. ("Reflex"), as mortgagee, in the principal amount of $2,400,000.00, thereby never creating the equity which ZO contends will be available to secure its judgment lien. As a result of these facts, since there is no equity or value in the Property to which ZO's Judgment may attach, ZO's claim must be treated as a general unsecured claim[2], with ZO's judgment lien in the Property voided in its entirety pursuant to 11 U.S.C. § 506(a) and (d). *In re Sette,* 164 B.R. 453, 456 (Bankr. E.D.N.Y. 1994).

---

[2] This would be consistent with ZO's proof of claim, which was filed claiming their judgment as an unsecured non-priority debt.

5. Therefore, based upon the facts and reasons set forth above, and in the Motion dated March 12, 2024, Debtor contends that the relief requested in the Motion is warranted.

WHEREFORE, the Debtor respectfully requests the entry of an Order (i) valuing ZO's judgment lien against the Property at zero, (ii) declaring ZO's judgment lien void, and (iii) for such other relief as this Court may deem just and proper,

Dated: Westbury, New York
      June 6, 2024

PRYOR & MANDELUP, L.L.P.
Attorneys for Chapter 11 Debtor

By: *s/Mark E. Cohen.*
    Mark E. Cohen
675 Old Country Road
Westbury, New York 11590
Telephone: (516) 997-0999
Email: mec@pryormandelup.com